**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| vs. | * CRIMINAL ACTION 09-184-KD-C |
| | * |
| **TERRENCE SCOTT SIMS** | * CONSOLIDATED WITH |
| | * CRIMINAL ACTION 10-58-KD-C |
| | * |
| **Defendant.** | * |

**ORDER**

This cause is before the court on defendant Terrence Scott Sims' motion to continue the trial (Doc. 283) which was filed on November 12, 2010 and referred to the undersigned for pretrial disposition by the Clerk's entry of November 15, 2010. Defendant's motion is made pretrial and is not dispositive of the action, therefore, the undersigned is authorized make a determination of the issues raised. 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(b)(2). The Government does not object to the continuance of the entire action but does not agree to a severance.

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the January 2011 term commencing with jury selection on January 3, 2011. Therefore, the defendant's motion is **GRANTED**, and the trial of this action is **CONTINUED** into the January 2011 criminal trial term.[1]

---

[1] A total of five defendants are set for trial in this consolidated action. None have expressed an objection to a continuance as requested by Mr. Sims. Therefore, the entire consolidated action is continued and the time excludable to defendant Sims under the Speedy
(Continued)

The court specifically finds, pursuant to 18 U.S.C. § 3161(h)(3)(A), that the defendant will be unavailable for the December 2010 trial term commencing on November 29, 2010. He will undergo a serious surgical procedure on November 24, 2010 in order to donate a kidney to a member of the Mobile, Alabama community and is the only known donor match. His recovery period, at a minimum, is expected to require eight weeks.

It is also determined, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this finding is as follows. The defendant has notified the Court that he, as the "only match", is scheduled to donate a kidney to Rev. Howard Johnson, Sr., a Mobile resident, on November 24, 2010 . The surgery is scheduled to be performed at the University of Alabama in Birmingham and a recovery period of eight weeks at a minimum is expected. Under these circumstances, counsel has proffered valid reasons for an extension of the pretrial preparation period in order to consider a reasonable settlement of the charges or to otherwise prepare for trial within a reasonable period after surgery. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a waiver of his Speedy Trial rights not later than **November 22,**

---

Trial Act results in excludable time as to all other codefendants. 18 U.S.C. § 3161(h)(6)("The following periods of delay shall be excluded … A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.")

**2010.** The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge to schedule a new pretrial conference.

**DONE AND ORDERED** this 18th day of November, 2010.

> s/WILLIAM E. CASSADY
> UNITED STATES MAGISTRATE JUDGE